USDC SCAN INDEX SHEET







USA

CARLISI

TB
3:92-CR-00026
*656*
*CRMGOV.*

```
 1  ALAN D. BERSIN
    United States Attorney
 2  CAROL C. LAM
    Assistant U.S. Attorney
 3  CA Bar No. 129412
    Federal Office Building
 4  880 Front Street, Sixth Floor
    San Diego, California  92101
 5  Telephone:  (619) 557-6244

 6  Attorneys for Plaintiff
    United States of America
 7
```

                    JUN 24 1996
                    CLERK, U.S. DISTRICT COURT
                    SOUTHERN DISTRICT OF CALIFORNIA
                    BY _____ DEPUTY

                    UNITED STATES DISTRICT COURT

                    SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Criminal Case No. 92-0026-E |
| | ) | Civil Case No. 96-1101-E |
| Plaintiff, | ) | |
| | ) | MOTION FOR EXTENSION OF TIME |
| v. | ) | AND PROPOSED ORDER |
| | ) | |
| MICHAEL CLEMENT CARACCI, | ) | |
| | ) | |
| Defendant. | ) | |

The UNITED STATES OF AMERICA, by and through its counsel, Alan D. Bersin, United States Attorney, and Carol C. Lam, Assistant U.S. Attorney, hereby files the attached Motion and proposed order for extension of time.

DATED: July 24, 1996.

Respectfully submitted,

ALAN D. BERSIN
United States Attorney

*Carol C. Lam*

CAROL C. LAM
Assistant U.S. Attorney

656

I

STATEMENT OF FACTS

On June 19, 1996, petitioner Michael Caracci filed a pro se motion in to vacate his sentence in Criminal Case No. 92-0026-E pursuant to Title 28, United States Code, Section 2255. The Government was ordered to file its answer brief or other pleading by July 29, 1996; any traverse by the petitioner was to be filed by September 3, 1996. The Government now requests an extension of time in which to file its answer brief.

II

DISCUSSION

The Government did not receive notice that a petition for habeas corpus relief had been filed until it received this court's order an briefing schedule on June 28, 1996. See Declaration of Carol C. Lam, attached as Exhibit 1. After obtaining a copy of the petition from the Clerk's Office, Government counsel had to order copies of the transcripts of the plea and sentencing, the last of which was received in the U.S. Attorney's Office on July 16, 1996. Id. While preparing the Government's answering brief, Government counsel requested a declaration from attorney Frank Ragen, who represented petitioner in the proceedings before this court. Mr. Ragen informed Government counsel that he was unwilling to submit such a declaration absent an order of the court. Id.

The Government requires an extension of time to file its answering brief in order to properly notice a motion regarding the need for Mr. Ragen's declaration, and obtain the declaration for

2

inclusion in its brief. Because petitioner's motion deals squarely with the adequacy of his advice of counsel prior to entry of his guilty plea, it is not possible for the Government to effectively respond to his allegations without a declaration from Mr. Ragen. As the attached declaration shows, Government counsel has diligently attempted to comply with the July 29, 1996 filing date for its answer brief; however, circumstances beyond its control have rendered it impossible for the Government to file its answering brief without an extension of time.

### III

### CONCLUSION

For the foregoing reasons, it is respectfully requested that the Court grant an extension of time for the Government to file its answering brief.

DECLARATION OF CAROL C. LAM

1. I am an Assistant United States Attorney for the Southern District of California, and was one of the attorneys assigned to the case of United States v. Samuel Carlisi et al., Criminal Case No. 92-0026-E.

2. On June 28, 1996, I received a written order from this court instructing the United States Attorney to file an answer or other pleading by July 29, 1996 to Petitioner Michael Caracci's motion to vacate his sentence pursuant to 28 U.S.C. § 2255. I had not yet received a copy of the petition, and immediately asked my secretary to locate a copy in the Clerk's Office. Through this means, I received a copy of the motion.

3. Upon reading the motion, I determined that it would be necessary to obtain copies of the complete transcripts of Caracci's plea and sentencing. Because Joan King, the court reporter for most of the Carlisi proceedings, was on vacation, I was not able to speak with her until July 3, 1996, at which time I ordered the transcript of the sentencing hearing. Ms. King informed me that Israel Van Bramer had reported the guilty plea proceedings, and I immediately contacted Mr. Van Bramer to order that transcript.

4. I received the transcript of the sentencing hearing on July 9, 1996, and the transcript of the change of plea on July 16, 1996, and began working on the Government's answer brief.

5. On July 22, 1996, I called attorney Frank Ragen and informed Mr. Ragen that, in lieu of calling him to testify, I would be seeking from him a declaration regarding the extent of

4

1 | his review of the plea agreement and sentencing guidelines with
2 | the petitioner. The next day, July 23, 1996, Mr. Ragen told me
3 | that he was unwilling to file such a declaration absent a court
4 | order.

5 |     6. I drafted a motion and proposed order for the court
6 | regarding Mr. Ragen's position. On July 24, 1996, prior to filing
7 | the motion, I called Ms. Karen Hughes, law clerk to the Honorable
8 | William B. Enright. Ms. Hughes informed me that the motion should
9 | be served on petitioner. Because the Government must obtain Mr.
10 | Ragen's declaration before filing its answer brief, Ms. Hughes
11 | suggested that I file a motion for extension of time, and advised
12 | me of a briefing schedule that the court could accommodate. That
13 | briefing schedule is included in the proposed order attached to
14 | the Government's motion for extension of time.

DATED: July 24, 1996

*Carol C. Lam*
CAROL C. LAM

5